## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JUAN ZAVALA,**
**Claimant Below, Petitioner**

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-92**          (JCN: 2020020480)

**CONCRETE PIPE & PRECAST MARTINSBURG,**
**Employer Below, Respondent**


### MEMORANDUM DECISION

Petitioner Juan Zavala appeals the February 5, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Concrete Pipe & Precast Martinsburg ("Concrete") timely filed a response.[1] Mr. Zavala did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted an 11% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 5, 2020, Mr. Zavala was working for Concrete in a labor position when a forklift struck his left leg. On August 18, 2021, the claim administrator issued an order which granted an 11% PPD award for the compensable injury.[2] Mr. Zavala protested this order.

On June 24, 2022, Mr. Zavala testified that when the forklift struck his left leg, it pushed all of his weight onto his left leg and snapped his tendons and ligaments. Mr. Zavala stated that both his left and right knees were injured. Following the March 5, 2020, injury, Mr. Zavala sought treatment at the hospital in Martinsburg, West Virginia, where he

---

[1] Mr. Zavala is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Concrete is represented by Melissa M. Stickler, Esq.

[2] The Board's order indicates that the 11% PPD award was based on the evaluation by Joseph Grady, M.D., whose report was not included in the record below or on appeal.

1

reported injuries to both his left and right knees. Thereafter, he was referred to a hospital in Fairfax, Virginia for further treatment, including physical therapy. He was released to return to work roughly a year following the injury.

Further, Mr. Zavala testified that he has returned to work and was driving a forklift three times per week. He reported that his knees and legs hurt when he walks a lot. Mr. Zavala described his current problems as the inability to sit for very long, difficulty keeping his knees bent, difficulty being on his feet for long periods of time, and leg cramps at night.

On December 14, 2022, Bruce Guberman, M.D., performed an independent medical evaluation ("IME") of Mr. Zavala. Dr. Guberman noted that on March 5, 2020, Mr. Zavala suffered injuries to both of his knees when he was struck by a large piece of concrete that was on the back of a forklift and suffered abrasions and a deep laceration to his left leg requiring debridement and later surgery with skin grafting. Dr. Guberman noted that Mr. Zavala had symptomatic scars and residual tenderness, crepitations, swelling and range of motion abnormalities of the left knee. Further, Dr. Guberman stated that Mr. Zavala suffered a dislocation of his right knee that was manually reduced; that he was found to have tears of both the medial and lateral menisci; that he underwent two surgical procedures; and that he was left with residual pain, tenderness, crepitations, and swelling and range of motion abnormalities of the right knee.

Dr. Guberman opined that Mr. Zavala had reached maximum medical improvement ("MMI") with residual permanent impairment. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Guberman assessed 4% whole person impairment in the left knee for range of motion abnormalities, 2% impairment for scarring of the left knee with skin graft donor sites and skin graft recipient sites, and 1% impairment for sensory loss of the left leg. Regarding the right knee, Dr. Guberman assessed 14% whole person impairment for 16 degrees of valgus deformity due to the injury, and no additional impairment was recommended for atrophy of the right calf. Combining these ratings, Dr. Guberman found that Mr. Zavala had a 20% whole person impairment for the work injury of March 5, 2020, and recommended an additional PPD award of 13%, noting that Mr. Zavala had already received a 7% award.[3] Dr. Guberman stated that the increased impairment rating was related to the worsening of Mr. Zavala's condition, as his range of motion in both knees was worse, as well as the valgus deformity of the right knee.

On January 16, 2023, Mr. Zavala underwent an IME performed by Jennifer Lultschik, M.D., who commented that at the time of the injury, Mr. Zavala's right knee

---

[3] Although Dr. Guberman stated in his report that Mr. Zavala had received a 7% PPD award, it appears from the record that Mr. Zavala was actually awarded an 11% PPD award by the claim administrator's order.

was forced into "an extreme valgus position" and that he suffered multiple tears of the ligaments around the knee, a partial tear of the posterior root of the lateral meniscus, and sprain of the lateral collateral ligament. Using the *Guides*, Dr. Lultschik found 5% lower extremity impairment for muscle atrophy of the right calf and 2% lower extremity impairment for the partial meniscectomy, which she combined for 3% whole person impairment. Dr. Lultschik did not find any range of motion impairment for the right lower extremity. For the left leg, Dr. Lultschik found 0% lower extremity impairment for range of motion, and 4% whole person impairment for scarring resulting from wound care and extensive grafting of the soft tissue wound in that area, as well as 0% sensory impairment. Dr. Lultschik combined the 3% and 4% impairments for a total of 7% whole person impairment for the injuries of March 5, 2020. She opined that the range of motion reported by Dr. Guberman was not reliable due to inconsistent statements. Dr. Lultschik noted that Dr. Guberman was the only examiner to find a valgus deformity, and that her examination did not reveal such deformity and that the reports of Dr. Grady and Dr. Najarian did not make such findings.[4] Further, Dr. Lultschik opined that an impairment rating using a flexion contracture measurement would not be reliable, and that the other two examiners did not find decreased sensation.

On February 5, 2024, the Board issued an order affirming the claim administrator's order, which granted Mr. Zavala an 11 % PPD award. The Board concluded that Dr. Guberman's finding of a valgus deformity was not corroborated by Dr. Lultschik's more recent examination, and that according to Dr. Lultschik neither Dr. Grady nor Dr. Najarian reported finding a valgus deformity. The Board also noted that Dr. Lultschik questioned the reliability of Dr. Guberman's finding of right knee range of motion and flexion contraction of the left knee, and that two other examiners did not find decreased sensation as reported by Dr. Guberman. Consequently, the Board concluded that Dr. Guberman's report was not persuasive, and that Mr. Zavala had not established that he was entitled to a PPD award greater than 11%. It is from this order that Mr. Zavala now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

---

[4] Dr. Lultschik and Dr. Guberman both reference reports from Dr. Grady and Dr. Najarian as included in the medical records that they reviewed. However, these reports were not part of the record below or in this appeal.

3

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024).

On appeal, Mr. Zavala argues that the Board was clearly wrong in finding that he had been fully compensated by an 11% PPD award. Further, Mr. Zavala argues that Dr. Guberman's report utilized the proper methods and procedures to assess Mr. Zavala, and that his 20% whole person impairment rating was correct. Upon review, we disagree.

As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). The Board found that Dr. Guberman's finding of a valgus deformity which was included in his 20% impairment rating was not corroborated by Dr. Lultschik's more recent examination, and that according to Dr. Lultschik neither Dr. Grady nor Dr. Najarian reported finding a valgus deformity. Further, the Board noted that Dr. Lultschik questioned the reliability of Dr. Guberman's finding of the right knee range of motion and flexion contraction of the left knee and that the two other examiners did not find the decreased sensation reported by Dr. Guberman. Consequently, the Board concluded that Dr. Guberman's report was not persuasive. Given the Board's findings, and the record before us, we cannot conclude it erred in affirming the claim administrator's order, which granted Mr. Zavala an 11% PPD award.

Accordingly, we affirm the Board's February 5, 2024, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4